# IN RE PEARSALL.

## PATENTS; PATENTABILITY; RIGHTS OF CONFLICTING ASSIGNEES.

1. On an appeal from a decision of the Commissioner of Patents rejecting an application for a patent on the ground that the Patent Office had previously granted a patent for the same invention, which was of a tufted pile fabric in which the threads were arranged so as to reproduce the pattern on the back of the fabric, the decision of the Commissioner was *affirmed*, on the ground that the only difference between the construction of the application and that of the patent was, that in the patent the filling threads were doubled strands arranged in three horizontal planes, while in the application the filling threads were single strands in two horizontal planes, and that neither of these distinctions was expressed in the claims of the patent or in the claims of the application.

2. Where, pending an assigned application for a patent, a second application by the same party for the same invention, assigned to another party, is filed, and a patent issues on the second application to the assignee thereof, this court, on an appeal from a decision of the Commissioner rejecting the first application because of the previously granted patent, *held*, that the patent was valid and inured to the holder of the

equitable title thereto, and that, if the assignee of the first application was the real owner of the patent, he had his remedy by appropriate proceedings in equity.

No. 465. Patent Appeals. Submitted March 11, 1908. Decided April 20, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting an application for a patent. *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles E. Foster* and *Mr. Louis C. Raegener* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents refusing to allow the following claim:

"A piled or tufted fabric, having a three-warp three-weft weave, in which the first weft is inserted below the back binding warp and above the other warp threads, the second weft is inserted reversely to this, the third weft is inserted below the upper binding warp and above the other warp threads, and the tufts are disposed around the second weft, whereby the pattern is visible on the back of the fabric."

William Pearsall filed this application in the Patent Office September 15, 1902, and assigned the same to Carl Vorwerk, of Bargen, Germany. On February 18, 1904, Pearsall filed a second application, which the Patent Office holds covers the same invention and which he assigned to Matthew J. Whittall, of Worcester, Massachusetts. Both assignments were recorded in the Patent Office. On November 15, 1904, patent No. 774,-775 was issued on the later application. Whether this patent was issued inadvertently does not appear. Counsel for Vorwerk, upon learning of the issuance of the patent to Whittall, addressed a letter to the Commissioner in which they said: "We are at a loss to understand how this patent No. 774,775

could have been granted to Pearsall in view of this present application serial No. 173,244 which is for absolutely the same thing. We feel sure that Pearsall's patent No. 774,775 must have been inadvertently granted, and we have to ask for an immediate declaration of interference between said patent and this pending application serial No. 173,244. It will be obvious from inspection of the figure of the present application and fig. 2 of the patent, that the fabric shown in each is absolutely the same."

It is now contended that the invention claimed in this application is not the same as that of the patent. We find no merit in this contention. All the tribunals of the Patent Office have held that the inventions are the same, and an examination of the specifications and claims of each convinces us of the correctness of that conclusion. The structures shown and described in the two applications are almost identical. The Commissioner, in disposing of the question, said: "The only difference between the construction of this application and that of the patent is that in the latter the filling threads are doubled strands arranged in three horizontal planes, while in the application the filling threads are single strands in two horizontal planes. Neither of these distinctions is expressed in the claims of the patent, or in the appealed claim. They will not therefore serve to differentiate between the application and the patent."

Numerous other errors are assigned which need not be separately noticed and considered, as they are all embraced in the proposition that the Commissioner erred in holding the patent a bar to the grant of another patent for the same invention to the same applicant.

Appellant contends that it was the duty of the Commissioner "to issue the patent to Pearsall, or else determine in some way which of the assignees was legally entitled to it and issue it to him." It is further contended that Whittall had no legal interest in the invention because of the prior assignment to Vorwerk, and that, therefore, the grant of the patent was in excess of the Commissioner's powers and a nullity.

The fallacy in appellant's contention consists in his assump-

tion that the patent to Whittall is void. The application form-
ing the basis of that patent was regularly made, and, but for the
prior assignment, no question could be raised as to the jurisdic-
tion and authority of the Commissioner in the premises. Clear-
ly he had jurisdiction of the subject-matter of his decision which
was the invention. Having determined that a patent should
issue, it is conceded he might have ignored both assignments
and issued a patent in the name of the inventor, which, prob-
ably, would have been the better course for him to have fol-
lowed.

In *Gayler* v. *Wilder,* 10 How. 477, 13 L. ed. 501, it was ruled
that, where a patent issues to an applicant who has assigned his
interest therein, the patent is valid, and, by operation of law,
vests in the assignee.

If a patent to an inventor who has assigned all his interest
in the invention is valid, and, by operation of law, inures to the
benefit of the assignee, we fail to perceive why a patent to one
of two rival assignees does not vest in the holder of the superior
assignment. As previously stated, it does not appear that the
patent to Whittall inadvertently issued, neither does it neces-
sarily follow that because Vorwerk holds the prior assignment
his title is superior to Whittall's. The record is silent as to the
facts and circumstances surrounding the two assignments.

The Commissioner says: "But, if it be agreed that the office
made an error in issuing the patent on the second application
instead of the first, it is believed that the error cannot be cor-
rected by issuing a patent to appellant.   *   *   *   The patent
is based upon the application of Pearsall, and, in issuing the
same, the office exhausted its authority to grant patents for that
invention based upon Pearsall's inventorship. Moreover, the
issue of a second patent would not settle the question of title.
It is believed that appellant must be left to his remedy in
court where this question can be finally determined."

Holding as we do that the patent to Whittall is valid and in-
ures to the benefit of the holder of the equitable title thereto,
it necessarily follows, in view of the well-established rule pro-
hibiting the grant of two patents for the same invention to the

same or a different party (*Miller* v. *Eagle Mfg. Co.* 151 U. S. 186, 38 L. ed. 121, 14 Sup. Ct. Rep. 310) that the decision of the Commissioner must be sustained. If appellant is the real owner of the patent, he has his remedy by appropriate proceedings in a court of equity.

The decision of the Commissioner of Patents is affirmed, and the clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, in accordance with law.                        *Affirmed.*